IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RICHARD K. COLLINS : | |
| : | |
| Plaintiff, : | Case No. C2-05-461 |
| : | |
| v. : | |
| : | JUDGE MARBLEY |
| OHIO DEPARTMENT OF JOB AND : | |
| FAMILY SERVICES, et al., : | |
| : | |
| Defendants. | |

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendant Barley's Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 4 (m), for failure to make service of the summons and complaint within 120 days after filing the complaint. The Court also takes up Defendant Barley's Motion to Strike Plaintiff's Second Reply pursuant to Loc. R. 7.2 (a) (2) because leave of the Court was not given to file a "second reply."

For the reasons stated herein, Defendant's Motion to Dismiss Plaintiff's Amended Complaint is **GRANTED** and Defendant's Motion to Strike Plaintiff's Second Reply is **GRANTED**.

**II. FACTS AND PROCEDURAL HISTORY**

Richard K. Collins ("Collins" or "Plaintiff") brought a claim against his former employer, the Ohio Department of Job and Family Services ("ODJFS"), before the U.S. Equal Employment Opportunity Commission. The Commission investigated, found his claim to be without merit, and issued him a "right-to-sue" letter pursuant to 42 U.S.C. § 2000e. Plaintiff

then instituted this action against ODJFS and various other state officials, including his former boss, Christopher Barley ("Barley" or "Defendant"), by filing a motion to proceed *in forma pauperis* and a complaint.

Plaintiff received his "right-to-sue" letter on February 9, 2005. Under § 2000e-5 (f) (1), a "right-to-sue" letter gives a complainant 90 days to take legal action by filing a complaint. Collins' filing deadline, therefore, was May 10, 2005. Collins' complaint was filed on May 11, 2005.

Defendant ODJFS moved to dismiss Collins' complaint because it was not timely filed. Upon consideration, this Court determined that Collins' motion to proceed *in forma pauperis* was stamped "Received" by the Clerk on May 9, 2005 – one day before the deadline. Therefore, Defendant ODJFS's motion to dismiss was denied. With his claim having been preserved, Collins filed an Amended Complaint on March 29, 2006.

At a status conference at this Court on May 10, 2006, Collins was notified by opposing counsel that Defendant Barley had never received a copy of the summons and the complaint, as required by Fed. R. Civ. P. 4 (m). Collins made a single attempt to serve Barley, by certified mail on July 26, 2006. This attempt was returned as "unclaimed" on July 27, 2006.

On August 10, 2006, Barley moved to dismiss Plaintiff Collins' Amended Complaint for failure to obtain service. At the time of Barley's motion, approximately 134 days had elapsed since the Amended Complaint had been filed. Plaintiff filed a Response in Opposition October 11, 2006; Barley submitted a Reply to Plaintiff's Response on October 16, 2006.

Without obtaining leave of the Court, Plaintiff Collins then filed a self-styled "2nd Reply to Barley's Motion to Dismiss" on November 7, 2006. Defendant moved to strike this brief on

2

November 15, 2006. Plaintiff then filed a reply to Defendant's motion to strike on November 27, 2006. Accordingly, this matter is now ripe for consideration by this Court.

### IV. LAW AND ANALYSIS

#### A. Motion to Strike

This Court first considers Defendant Barley's Motion to Strike Plaintiff's self-styled "2nd Reply to Defendant Barley's Motion to Dismiss," which was filed on November 7, 2006.

Local Rule 7.2(a)(2) provides that a memorandum in opposition to a motion may be served within 21 days after the original motion is made, and a reply may be served within 11 days after the memorandum in opposition. It also provides that "[n]o additional memoranda beyond those enumerated will be permitted except upon leave of court for good cause shown."

Defendant Barley's original motion to dismiss was filed on August 10, 2006. Plaintiff Collins opposed it, untimely, on October 11, 2006. Defendant Barley then replied on October 16, 2006. Plaintiff then submitted his "2nd Reply" on November 7, 2006. Plaintiff failed to seek leave from this Court to file the "2nd Reply;" therefore, Defendant Barley's motion to strike the "2nd Reply" is **GRANTED**.

#### B. Motion to Dismiss

The Court now turns to Defendant Barley's Motion to Dismiss. Defendant bases the Motion on Plaintiff's failure to obtain service of process upon Defendant within the 120 day limit provided by Fed. R. Civ. P. 4(m). Plaintiff's Amended Complaint was filed on March 29, 2006. Therefore, service of process should have been complete 120 days later, by July 27, 2006.

Collins concedes he made only one attempt to serve Barley, by certified mail on July 26, 2006 – the very last day such an attempt would have succeeded. This attempted service was returned "unclaimed" by the Postal Service on July 27, 2006. Collins has failed to give any reason why he did not attempt to make service of process at any earlier time.

Plaintiff, in opposition to Defendant's Motion to Dismiss, also requested that this Court find that good cause exists for Collins' failure to obtain service within the 120-day time frame. Plaintiff fails, however, to set forth the factual basis for his "good cause" argument. In fact, an opposite conclusion can be reached. Collins recounts that at the May 10, 2006 status conference, Barley's attorney notified him that service had not been made, and that the "Magistrate graciously provided the Plaintiff with instructions on how to serve Defendant Barley." Further, Collins should have been on notice that the rules require adherence to specific deadlines: his original May 11, 2005 complaint was very nearly dismissed for being filed on the 91st day after the issuance of his "right-to-sue" letter, and was only saved by the fact that he had filed a motion to proceed *in forma pauperis* on the 89th day. Plaintiff was aware, at least by this point, that deadlines have consequences.

Finally, Plaintiff asserts "pursuant to Fed. R. Civ. P. 4(e)(2)" that service of process may be perfected by serving a defendant's attorney. Fed. R. Civ. P. 4 (e)(2) provides that service can be made either "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein" or "by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process." It is upon the second clause of this rule that Collins relies, because he

4

admits that service under the first clause was never attempted. Collins asserts that Barley's attorney, Mindy Worley, is "an authorized agent for Defendant."

Plaintiff misstates the rule. "[S]ervice of process on a party's attorney of record is not valid, unless it is shown that the attorney had actual authority to accept service." *Williams v. Holt*, 2005 U.S. Dist. LEXIS 44270 at *9 (E.D. Tenn. Nov. 5, 2005) (citing *Maiz v. Virani*, 311 F.3d 334, 340 (5th Cir. 2002)). As in *Williams*, Plaintiff Collins has made no showing that Attorney Worley was authorized to receive service on Barley's behalf.

For the foregoing reasons, this Court **GRANTS** Defendant Barley's Motion to Dismiss Plaintiff's Amended Complaint as to Defendant Barley.

## V. CONCLUSION

For the reasons stated above, Defendant Barley's Motion to Strike Plaintiff's "2nd Reply" is **GRANTED**, and Defendant Barley's Motion to Dismiss Plaintiff's Amended Complaint is **GRANTED**.

**IT IS SO ORDERED.**

                                                 s/Algenon L. Marbley
                                                 **ALGENON L. MARBLEY**
                                                 **United States District Court Judge**

**DATED: March 22, 2007**